IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| RAFAEL TAYLOR, ) | |
| ) | Civil Action |
| Plaintiff, ) | No. 2:23-CV-0036-RWS-JCF |
| v. ) | |
| ) | |
| T-MOBILE USA, INC., ) | |
| ) | JURY TRIAL DEMANDED |
| Defendant. ) | |
| _____ ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Rafael Taylor ("Plaintiff") and files this Complaint against Defendant T-Mobile USA, Inc. ("Defendant"), and shows the following:

### I.   Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

With this action, Plaintiff brings a discrimination claim for damages pursuant to 42 U.S.C. § 1981.

## II.   Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331.

4.

Defendant does business in this district and is subject to specific jurisdiction over the claims asserted herein. In addition, a substantial part of the acts and omissions that give rise to Plaintiff's claims occurred in this district. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §1391.

## III.   Parties and Facts

5.

Plaintiff is a resident of the State of Georgia. Plaintiff is African-American/black.

6.

On or about October 2, 2017, Plaintiff began his employment with Defendant as an inside sales representative.

7.

In or about January 2023, a Small & Medium Business Account Executive position with T-Mobile became available, and Plaintiff informed his Team Manager,

Kenya Hollingsworth, that he was interested in the promotional position. Plaintiff also informed his Coach/People Manager, Ivis Lujuan, that he was interested in the Small & Medium Business Account Executive position.

8.

On or about January 23, 2023, Regional Sales Manager Sherry Ali, the manager responsible for filling the open position, reached out to Plaintiff regarding his interest in the position and advised Plaintiff to complete a formal application for the Small & Medium Business Account Executive position.

9.

On or about January 25, 2023, Plaintiff formally applied for the Small & Medium Business Account Executive position.

10.

On or about February 2, 2023, Ms. Ali informed Plaintiff that she decided to hire Charles Brewster, a white/Caucasian employee, for the Small & Medium Business Account Executive position because a "white person would be a better fit for the role due to the customer demographics."  In the same conversation, Ms. Ali complimented Plaintiff's sales numbers and work performance, before advising him that she hired Brewster because she believed a white person would be able to reach the demographic of the sales territory better than a person of color.

11.

Defendant refused to promote Plaintiff because of his race/color.

12.

Plaintiff was qualified for the promotional position.

13.

Defendant hired a white/Caucasian person for the position because of that person's skin color.

## Count I

## 42 U.S.C. § 1981 Race Discrimination

14.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

15.

Plaintiff is African American and black in color.

16.

42 U.S.C. § 1981 prohibits race discrimination in the making and enforcement of contracts. Defendant was prohibited from not promoting Plaintiff due to his race/color.

17.

Defendant violated Plaintiff's rights under 42 U.S.C. § 1981 by not providing him with the promotional position because of Plaintiff's race/color.

18.

In failing to promote Plaintiff to the position at issue, Defendant intentionally discriminated against Plaintiff, on the basis of Plaintiff's race/color, in violation of 42 U.S.C. § 1981.

19.

Defendant treated Plaintiff differently than at least one other employee outside of Plaintiff's protected class. Any alleged non-discriminatory reason given by Defendant for treating Plaintiff differently than another employee outside of Plaintiff's protected race class is pretext for unlawful discrimination.

20.

As a direct and proximate result of Defendant's actions and omissions, Plaintiff has suffered damages, including lost wages, emotional distress, humiliation and other indignities.

21.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's actions toward Plaintiff were undertaken in bad faith.

22.

The acts and omissions of Defendant were willful, malicious and in reckless disregard of Plaintiff federally protected rights entitling Plaintiff to punitive damages.

23.

Defendant is liable for the damages caused by its discrimination against Plaintiff. **WHEREFORE**, Plaintiff prays for judgment and relief as follows:

(a) Compensatory damages, including general damages for mental and emotional suffering caused by Defendant;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorneys' fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) Injunctive relief of placement in the position, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which he may be entitled.

Respectfully submitted,

This 28th day of February, 2023.

**BARRETT & FARAHANY**

*/s/ V. Severin Roberts*
V. Severin Roberts
Georgia Bar No. 940504
Attorney for Plaintiff

P.O. Box 530092
Atlanta, GA 30353-0092
(404) 214-0120
(404) 214-0125 facsimile
severin@justiceatwork.com